Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

[Additional Attorneys for Plaintiff on Signature Page]

*Attorneys for Plaintiff,*

*Valorie Moser*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALORIE MOSER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>　　　　　Defendant. | Case No: '17CV1921 L　　WVG<br><br>COMPLAINT FOR DAMAGES<br><br>1. FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.<br>2. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL |

1

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Valorie Moser, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of GC Services Limited Partnership ("Defendant" or "GC Services"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

Complaint for Damages

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. While many violations are described here with specificity, this Complaint alleges violations of the FDCPA, the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA" or the "Rosenthal Act"), and state law negligence.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged regarding the FDCPA and RFDCPA are material violations of the FDCPA and RFDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of Defendant, with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

10. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

13. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

14. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

15. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Act.

16. Because Defendant does business within the State of California, personal jurisdiction is established.

17. Venue is proper pursuant to 28 U.S.C. § 1391.

18. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

19. Plaintiff is a natural person who resides in the City of San Diego, State of California.

20. Plaintiff is informed and believes, and thereon alleges, that GC Services Limited Partnership is, and at all times mentioned herein was, a limited partnership registered in Delaware with its principal place of business located in Texas.

21. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

22. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

4

23. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

24. Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

25. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

26. Sometime before 2017, Plaintiff is alleged to have incurred certain financial obligations for a personal credit card. This credit card was used to purchase things for personal purposes, mainly household goods and services.

27. These financial obligations were primarily for personal purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

28. Sometime thereafter, Plaintiff allegedly fell behind in the payments owed on the debt. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this debt.

29. The debt was later sold, transferred, or assigned to Defendant for collection.

30. On or around February 16, 2017, Defendant called Plaintiff and left a voice message saying "This message is for Valorie Moser, this is Tiffany Morin,

please call me at 1-866-292-5264. Thank you." The call came from the telephone number 210-348-2725.

31. Defendant's representative never disclosed that she was calling from GC Services or attempting to collect a debt. Plaintiff was unsure of the caller's identity because Defendant did not meaningfully disclose its identity in the voice message. Plaintiff only discovered the call was from Defendant after calling the phone number mentioned in the message.

32. On or around February 22, 2017, Plaintiff received an identical message from Defendant. The message stated "This message is for Valorie Moser, this is Tiffany Morin, please call me at 1-866-292-5264. Thank you." This call also came from the telephone number 210-348-2725. Once again, Defendant's representative never disclosed that she was calling from GC Services or concerning a debt. Plaintiff was unsure of the caller's identity because Defendant did not meaningfully disclose its identity in the voice message.

33. Defendant communicated with Plaintiff without including the "mini-miranda" warnings saying the communication was from a debt collector and any information obtained would be used for that purpose.

34. Through this conduct, Defendant violated 15 U.S.C. § 1692d(6) by failing to meaningfully disclose the caller's identity. This section is incorporated into the RFDCPA through Cal. Civ. Code 1788.17; thus, Defendant also violated Cal. Civ. Code 1788.17.

## CAUSES OF ACTION
## COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
**15.                     U.S.C. §§ 1692 ET SEQ.**

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. Because Defendant services the account of Plaintiff and was not the original creditor, Defendant is considered a "debt collector" for purposes of the FDCPA.
50. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.
51. Defendant failed to disclose that the calls to Plaintiff were an attempt to collect a debt and that any information obtained will be used for that purpose in violation of 15 U.S.C. § 1692e(11) which states that the following conduct is a violation of this section:
    > "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

///

52. Defendant failed to meaningfully disclose Defendant's identity in violation of 15 U.S.C. § 1692d(6) which states that the following conduct is a violation of this section:
    > "…the placement of telephone calls without meaningful disclosure of the caller's identity."

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

56. Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

57. Defendant in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

58. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

59. Defendant placed calls without disclosing its identity in violation of Cal. Civ. Code § 1788.11(b) which says that a debt collector shall not attempt to collect a consumer debt by means of:

> "Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents."

60. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT III

## NEGLIGENCE

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid harassing Plaintiff by contacting her without disclosing the caller's identity.

63. Defendant's conduct proximately caused injuries to Plaintiff.

64. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

65. Plaintiff believes and alleges that Defendant's conduct of calling Plaintiff without meaningful disclosure of the caller's identity in attempt to collect the debt constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

15.                          U.S.C. §§ 1692 ET SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Any other relief this Court may deem just and proper.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court may deem just and proper.

## COUNT III

### NEGLIGENCE

- An award of damages in an amount to be proven at trial for Defendant's negligence;
- Any punitive damages; and
- Any and all other relief that this Court deems just and proper.

///

///

///

///

///

Complaint for Damages

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                        Respectfully submitted,

                                        **HYDE & SWIGART**

Date: September 17, 2017                     By: <u>s/Joshua Swigart</u>
                                                  Joshua B. Swigart, Esq.
                                                  josh@westcoastlitigation.com
                                                  *Attorney for Plaintiff*

Complaint for Damages

Additional Attorney for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523